FILED
MISSOULA, MT

2007 JUN 12 PM 5 20

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JOHN A.P. HANNAN, | ) | CV 06-60-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WARDEN JAMES MACDONALD, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

John Hannan filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a twenty-year parole restriction imposed by the Sentence Review Division of the Montana Supreme Court. On March 21, 2007, United States Magistrate Judge Jeremiah C. Lynch ordered Hannan to file a brief showing cause and prejudice or a fundamental miscarriage of justice excusing the procedural default of his claims and demonstrating why the federal statute of limitations should be equitably tolled in his case. Hannan subsequently filed a brief responding to Judge Lynch's Order. On May 22, 2007, Judge Lynch entered Findings and Recommendation, recommending dismissal of Hannan's petition because Hannan failed to give a basis upon

which to equitably toll the federal statute of limitations. Hannan timely objected to the Findings and Recommendation on June 4, 2007.[1] He therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

In his objections, Hannan asserts ineffective assistance of counsel tolls the applicable statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations is tolled only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Court, 128 F.3d 1283, 1288 (9th Cir. 1997). As Judge Lynch correctly determined, however, Hannan has not demonstrated his counsel's performance was sufficiently egregious to constitute extraordinary circumstances. See Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003) (observing egregious attorney misconduct warrants tolling, but ordinary attorney negligence does not). From the materials submitted by Hannan, it does not appear that he discussed filing a federal habeas petition with counsel who was appointed to represent him with respect to his sentence review. Moreover, Hannan's counsel did not impede or prevent him

---

[1] On June 4, 2007, Hannan filed a document entitled "Notice of Appeal." In the document, Hannan states "he objects to the Findings and Recommendations." The Court construed this document as Hannan's objections, not a notice of appeal. If Hannan wishes to appeal this Order, he must file a new notice of appeal or request for a certificate of appealability.

from filing a timely federal habeas petition on his own. Because Hannan has not provided adequate reasons for tolling AEDPA's statute of limitations, his petition will be dismissed as untimely.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Hannan's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE. A Certificate of Appealability is DENIED.

Dated this 12th day of June, 2007.

Donald W. Molloy, Chief Judge
United States District Court